UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LENA HEDENGREN, an individual

    Plaintiff,

v.                                               Case No:   2:14-cv-333-FtM-38DNF

ESTERO FIRE RESCUE,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. #67) filed on June 25, 2015. At issue is the Court's Order granting in part Plaintiff's Motion to Bifurcate. (See Doc. #62; Doc. #49). Reconsideration of a court's previous order is an extraordinary remedy, and thus, is a power that should be used sparingly. Carter v. Premier Rest. Mgmt., No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Here there is no intervening change in controlling law, no new evidence, and no need to correct clear error or prevent manifest injustice. As such, the motion is due to be denied. The Court notes it is not bound by party stipulations; it is unwilling to stall this case by allowing discovery to be re-opened after a jury verdict; and judicial efficiency supports the need for all trial portions, both jury and court portions, to be tried contemporaneously. Thus, the Court stands by its previous order.

As an aside, it is clear Mr. Wilson has misread the Court's previous order since he thinks the Court has banned experts at trial. He is fully mistaken. The Court advises Mr. Wilson to re-read the Court's order plainly. Whatever risks Mr. Wilson made in discovery are risks that he must remain accountable for rather than blame the Court. (See generally Doc. #61, at 2 (Mr. Wilson explaining how *he* took a risk by foregoing the opportunity to disclose experts)). He may try his luck again by moving to amend the scheduling deadlines in this case. Whether the undersigned or magistrate judge assigned to this case, will grant such a request is unknown at this time.

Accordingly, it is now **ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. #67) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of June, 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record